IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1331 F St., Suite 900, Washington, DC 20004, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue NW Washington, DC 20305, <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Department of Justice ("DOJ") seeking records relating to the now-closed criminal investigation of Congressman Matt Gaetz.

2. This suit further challenges two impermissible policies and practices of DOJ when responding to FOIA requests relating to investigations of government officials: (1) refusing to confirm or deny the existence of records responsive to requests about publicly-disclosed investigations, and (2) categorically withholding and refusing to process acknowledged records of investigations of government officials under Exemptions 6 and 7(C), without conducting any case-by-case balancing of the public and private interests at stake, and without segregating and releasing any non-exempt information. Both policies defy controlling D.C. Circuit precedent. *See CREW v. DOJ*, 746 F.3d 1082 (D.C. Cir. 2014); *CREW v. DOJ*, 854 F.3d 675 (D.C. Cir. 2017).

3. CREW seeks declaratory relief that the DOJ is in violation of FOIA. CREW further seeks injunctive relief requiring the DOJ to immediately process and release the requested records, and barring the agency from engaging in the challenged policies and practices.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

6. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

7. As a repeat requester of DOJ records, CREW has standing to challenge DOJ's unlawful FOIA policies and practices. *See CREW v. DOJ*, 846 F.3d 1235, 1242 (D.C. Cir. 2017); *Khine v. DHS*, 943 F.3d 959, 965 (D.C. Cir. 2019); *Cause of Action Institute v. DOJ*, 999 F.3d 696, 704 (D.C. Cir. 2021).

8. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Criminal Division, the Executive Office of United States Attorneys, the Office of Information

Policy, and the Federal Bureau of Investigation are components of the DOJ. The DOJ has possession, custody, and control of the requested records.

## Legal Framework

9. FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

11. An agency must respond to a party filing an appeal within 20 working days, notifying that party of the provisions for judicial review of that determination. 5 U.S.C. § 552(a)(6)(A)(ii).

12. An agency's failure to make a determination to a FOIA request or appeal within 20 working days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). In "unusual circumstances," an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

13. A *Glomar* response to a FOIA request, which neither confirms nor denies the existence of responsive records, is permitted "in that rare situation when either confirming or denying the very existence of records responsive to a request would cause harm cognizable under [a] FOIA [exemption]." *Roth v. DOJ*, 642 F.3d 1161, 1178 (D.C. Cir. 2011) (internal citation and quotation marks omitted).

14. Short of a *Glomar* response, categorical withholding of documents is permitted "only when the range of circumstances included in the category characteristically supports an inference that the statutory requirements for exemption are satisfied." *CREW v. DOJ*, 746 F.3d 1082, 1088–89 (D.C. Cir. 2014) (cleaned up). For example, the D.C. Circuit has held that the "weighty public interest in shining a light on the FBI's investigation of major political corruption and the DOJ's ultimate decision not to prosecute a prominent member of the Congress for any involvement he may have had" defeats categorical withholding under Exemption 7(C). *Id.* at 1092–95.

15. Even if exemptions apply, any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt. 5 U.S.C. § 552(b). "[O]nce an agency identifies a record it deems responsive to a FOIA request, the statute compels disclosure of the responsive record—i.e., as a unit—except insofar as the agency may redact information falling within a statutory exemption." *Am. Immigr. Laws. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 677 (D.C. Cir. 2016).

16. A plaintiff "may challenge an agency's 'policy or practice' where it 'will impair the party's lawful access to information in the future.'" *CREW v. DOJ*, 846 F.3d 1235, 1242 (D.C. Cir. 2017). Successive misapplications of a FOIA exemption, as well as "failures to adhere to FOIA's pre-litigation requirements, including response deadlines and records management provisions needed to enable 'prompt' determinations," can constitute the bases of a policy and practice claim. *Judicial Watch, Inc. v. DHS*, 895 F.3d 770, 780–82 (D.C. Cir. 2018).

## Factual Background

*Rep. Gaetz FOIA Request*

17. The DOJ began an investigation into Rep. Gaetz in 2020, focusing on "the congressman's alleged involvement several years earlier with a girl who was 17 at that time," including a trip Gaetz allegedly took to the Bahamas in 2018 with several women after he assumed office, to determine "if he paid for sex in violation of federal sex-trafficking laws," as well as allegations related to obstruction of justice.[1]

18. Joel Greenberg, a former Seminole County tax commissioner who pled guilty to underage sex trafficking, was reported to have provided information to investigators, "including information about encounters he and [Rep. Gaetz] had with women who were given cash or gifts in exchange for sex."[2]

19. Rep. Gaetz "reportedly asked then-White House Chief of Staff Mark Meadows for a preemptive pardon from Trump regarding the sex-trafficking investigation."[3]

20. In February 2023, the DOJ informed attorneys for Rep. Gaetz that the department will not bring charges against him.[4]

21. Rep. Gaetz's attorneys said in a statement after the conclusion of the investigation that "[w]e have just spoken with the DOJ and have been informed that they have concluded their investigation into Congressman Gaetz and allegations related to sex trafficking and obstruction of justice and they have determined not to bring any charges against him[.]"[5]

---

[1] Devlin Barrett & Perry Stein, *Rep. Gaetz Won't Be Charged in Sex-Trafficking Probe, His Lawyer Say*, Washington Post (Feb. 15, 2023), https://www.washingtonpost.com/national-security/2023/02/15/gaetz-not-charged-sex-trafficking/.

[2] Paula Reid & Paul LeBlanc, *Matt Gaetz Associate Has Been Cooperating with Justice Department Since Last Year*, CNN (Apr. 14, 2021), https://www.cnn.com/2021/04/13/politics/matt-gaetz-joel-greenberg/index.html; Marshall Cohen, *Joel Greenberg Sentenced To 11 Years After Cooperating with Federal Probe into Matt Gaetz*, CNN (Dec. 1, 2022), https://www.cnn.com/2022/12/01/politics/joel-greenberg-sentencing/index.html.

[3] Barrett & Stein, *supra* note 1.

[4] *Id.*

[5] *Id.*

22. On February 22, 2023, CREW submitted a FOIA request to the FBI and DOJ Criminal Division seeking "all records related to the now-closed investigation conducted by DOJ and the Federal Bureau of Investigation ('FBI') of Rep. Matt Gaetz (R-FL) that are not covered by grand jury secrecy pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, including but not limited to DOJ's decision not to bring criminal charges against Rep. Gaetz." Exhibit A.

23. CREW's FOIA request explained that the records sought "would help explain why Rep. Gaetz—a prominent member of Congress—was not charged with any crime despite public reporting suggesting an abundance of evidence that he likely violated sex-trafficking laws and the conviction of his close associate on similar charges." *Id*. The request also explained that "The public has a vital interest in learning whether the decision not to prosecute Rep. Gaetz was motivated, even in part, by considerations apart from the sufficiency of the evidence against him." *Id*.

24. CREW's request sought a fee waiver. *Id.*

25. On June 5, 2023, the Criminal Division acknowledged receipt of CREW's FOIA request No. CRM-301920897 and wrote that "[b]ecause your request presents 'unusual circumstances' (See 5 U.S.C. § 552(a)(6)(B)(i)-(iii)), we are extending the time limit to respond to your request an additional ten days as provided by the statute." Exhibit B.

26. By letter dated November 24, 2023, the FBI "categorically denied" CREW's request No. 1585062-00 "pursuant to FOIA exemptions (b)(6) and (b)(7)(C)" because CREW's request "ha[s] not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s)." Exhibit C. The FBI acknowledged "the existence of FBI records" relevant to this

request, but claimed those records are exempt because "processing these third party records would constitute an unwarranted invasion of personal privacy." *Id.*

27. On February 21, 2024, CREW submitted a FOIA appeal to the FBI's determination, arguing that the FBI's reliance on Exemptions 6 and 7(C) was improper, and that the FBI was required under the FOIA to still disclose all non-exempt, segregable portions of the records. Exhibit D.

28. To date, CREW has not received a determination on its FOIA appeal of the FBI's determination.

29. To date, CREW has not received a determination on its FOIA request to the Criminal Division.

*DOJ's Unlawful Policies and Practices in Responding to CREW's FOIA Requests*

30. In *CREW v. DOJ*, 746 F.3d 1082 (D.C. Cir. 2014), the D.C. Circuit held that (1) where "public statements confirm[]" that an individual "had been under investigation," the DOJ's "acknowledgement that it ha[s] responsive records would not itself cause harm by confirming that fact, rendering a *Glomar* response inappropriate," and (2) "categorical withholding" under Exemption 7(C) of records relating to publicly-disclosed investigations of government officials is inappropriate, especially those relating to prominent public officials, because in such cases "the balance does not characteristically tip in favor of non-disclosure." *Id.* at 1091–96. DOJ components employ two unlawful policies or practices in defiance of these clear holdings.

31. First, the DOJ has provided several *Glomar* responses to CREW's requests for records about publicly-disclosed investigations of government officials. Such responses typically state that "[t]o the extent that non-public responsive records exist, without consent, proof of

7

death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy … Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records"; or that "[y]ou have requested records on one or more third party individuals. Please be advised that FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C)." *See, e.g.*, Exhibits E–J. These *Glomar* responses were issued in response to FOIA requests that explicitly identified public disclosure of the investigations at issue. *See, e.g.*, Exhibit K (requesting FBI records involving Doug Mastriano, who publicly acknowledged cooperation with the FBI); Exhibit J (refusal to confirm or deny existence of responsive records).

32.  Second, the DOJ has issued several categorical denials in response to CREW's requests for records about investigations of government officials. Such denials typically state that "The records on third party individual(s) you requested are categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C) … Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s). While the existence of FBI records is acknowledged, the records are exempt from disclosure as processing these third party records would constitute an unwarranted invasion of personal privacy." *See, e.g.*, Exhibit C, L, M. The DOJ issued these categorical denials without conducting any case-by-case balancing of the public and private interests at stake, and without processing the records and releasing any reasonably segregable, non-exempt portions.

33.     In both the 2020 and 2023 versions of the DOJ's "Advanced Considerations Exemptions 6 & 7(C)" presentation posted on its website, the DOJ stated its position that "Generally, an agency can issue a Glomar response or categorical denial without first conducting a search. If a Glomar response or categorical denial are not appropriate, the agency generally needs to search for and process responsive records."[6]

34.     The DOJ's reading of FOIA is erroneous: a categorical denial of information does not relieve an agency of its obligation to conduct a search for responsive records, process the records, and segregate and release any non-exempt information in the records. *See Am. Immigr. Laws. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 677 (D.C. Cir. 2016).

35.     CREW has other FOIA requests pending before the DOJ seeking records about publicly-disclosed investigations of government officials, *see, e.g.*, Exhibit E, and intends to submit similar requests in the future. Thus, DOJ's unlawful policies and practices "will impair [CREW's] lawful access to information in the future.'" *CREW v. DOJ*, 846 F.3d 1235, 1242 (D.C. Cir. 2017).

## PLAINTIFF'S CLAIMS FOR RELIEF

### Count I
### (Wrongful Withholding of Records Responsive to CREW's FOIA Request Regarding Rep. Gaetz)

36.     CREW re-alleges and incorporates by reference all preceding paragraphs.

37.     In its February 22, 2023 FOIA request, CREW properly asked for records within the possession, custody, and control of the DOJ.

38.     The DOJ is wrongfully withholding records responsive to CREW's request.

---

[6] Dep't of Just., Advanced Considerations Exemptions 6 & 7(C) (May 2020), https://www.justice.gov/oip/page/file/1324386/dl; Dep't of Just., Advanced Considerations Exemptions 6 & 7(C) (Jan 2023), https://www.justice.gov/d9/2023-03/exemptions_6_and_7c_advanced_-_january_2023.pdf.

39. By failing to timely release all requested records in full to CREW, the DOJ is in violation of FOIA.

40. CREW has constructively exhausted its administrative remedies.

41. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

### Count II
**(Impermissible Policy and Practice of Improper *Glomar* Responses to Requests for Records relating to Publicly-Disclosed Investigations)**

42. CREW re-alleges and incorporates by reference all preceding paragraphs.

43. Components of the DOJ—including but not limited to the Criminal Division, the Executive Office of United States Attorneys, the Office of Information Policy, and the FBI—have adopted and are engaged in a policy and practice of violating FOIA, by issuing *Glomar* responses to CREW simply because a FOIA request seeks records relating to an investigation of a third party, even when that investigation has been publicly disclosed.

44. The DOJ's repeated, unlawful, and intentional actions have resulted, and will continue to result, in the untimely access to documents to which CREW and the public are entitled.

45. The DOJ's repeated, unlawful, and intentional actions have harmed and will continue to harm CREW by requiring it to incur the costs and delay associated with litigating its entitlement to the documents.

### Count III
**(Impermissible Policy and Practice of Categorical Denials of Requests for Records on Investigations of Government Officials)**

46. CREW re-alleges and incorporates by reference all preceding paragraphs.

47. Components of the DOJ—including but not limited to the FBI—have adopted and are engaged in a policy and practice of violating FOIA, by categorically denying CREW's FOIA requests for records of investigations of government officials without conducting any case-by-case balancing of the public and private interests at stake.

48. As part of its unlawful policy and practice, the DOJ categorically denies CREW's requests for records of investigations of government officials on the basis of Exemptions 6 and 7(C), despite the substantial public interest in such records.

49. As part of its unlawful policy and practice, the DOJ has adopted an erroneous interpretation of FOIA under which it will issue a categorical denial without searching for, processing, and segregating non-exempt portions of responsive records which fall beyond the scope of the alleged categorical exemption.

50. The DOJ's repeated, unlawful, and intentional actions have resulted, and will continue to result, in the untimely access to documents to which CREW and the public are entitled.

51. The DOJ's repeated, unlawful, and intentional actions have harmed and will continue to harm CREW by requiring it to incur the costs and delay associated with litigating its entitlement to the documents.

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process CREW's FOIA request and disclose all non-exempt records to CREW;

(2) Declare that CREW is entitled to immediate processing and disclosure of the requested records;

(3)     Declare that Defendant is engaged in an impermissible policy and practice of improper *Glomar* responses to requests for records relating to publicly-disclosed investigations;

(4)     Permanently enjoin and prohibit Defendant from continuing to engage in an impermissible policy and practice of improper *Glomar* responses to requests for records relating to publicly-disclosed investigations;

(5)     Declare that Defendant is engaged in an impermissible policy and practice of categorically denying requests for acknowledged records of publicly-disclosed investigations of government officials under Exemptions 6 and 7(C), without conducting any case-by-case balancing of the public and private interests at stake and without attempting to segregate and release any non-exempt information;

(6)     Permanently enjoin and prohibit Defendant from continuing to engage in an impermissible policy and practice of categorically denying requests for acknowledged records of publicly-disclosed investigations of government officials under Exemptions 6 and 7(C), without conducting any case-by-case balancing of the public and private interests at stake and without attempting to attempts to segregate and release any non-exempt information;

(7)     Provide for expeditious proceedings in this action;

(8)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld and ensure compliance with this Court's orders;

(9)     Award CREW its costs and reasonable attorneys' fees in this action; and

(10)    Grant such other relief as the Court may deem just and proper.

Date: May 21, 2024                                      Respectfully Submitted,

*/s/  Laura Iheanachor*
Laura Iheanachor
(D.C. Bar No. 1782056)
Nikhel S. Sus
(D.C. Bar No. 1017937)
Chun Hin Tsoi*
(D.C. Bar No. 90017713)
Citizens for Responsibility and Ethics
  in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
liheanachor@citizensforethics.org
nsus@citizensforethics.org
jtsoi@citizensforethics.org

*Admission to this Court Pending

13