**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>*Plaintiff*,<br>v.<br>U.S. DEPARTMENT OF JUSTICE,<br>*Defendant*. | Case No. 1:24-cv-01497-LLA |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's April 13, 2026 Minute Order, Defendant United States Department of Justice, respectfully submit this Status Report.

Counsel for Defendant has been unable to meet and confer with counsel for Plaintiff in anticipation of this filing. Counsel for Defendant emailed counsel for Plaintiff on April 27, 2026, requesting a meeting to discuss next steps. Counsel for Plaintiff responded, stating that he was unavailable the following day but would provide other availability. Counsel for Defendant followed up by email on May 1, May 11, and May 13, but did not receive any response. On the morning of May 13, undersigned counsel informed Plaintiff's counsel that if she did not receive a response by noon, she would have to file a status report reflecting Defendants position only. Defendant reserves the right to object to any future requests by Plaintiff.

Defendant respectfully submits that summary judgment as to Count II is appropriate on the current record because Plaintiff has failed to demonstrate that Defendant has an unlawful pattern or practice of asserting *Glomar* responses, as alleged in the operative compliant. *See* Compl. ¶¶ 43-45. Although the Court has identified "potentially erroneous practices in the

Criminal Division's and the FBI's approaches to determining whether a *Glomar* response is appropriate," ECF No. 33 at 65, Defendant maintains that the existing declarations in support of summary judgment address the Court's concerns.

First, the Criminal Division's declaration states that it considers DOJ-wide acknowledgements. *See* O'Keefe Decl. ¶ 14 ("The FOIA/PA Unit determines if the FOIA request sets forth any evidence, as well as whether the Criminal Division is aware of any, indicating that the *Department* has publicly acknowledged the existence of any investigation regarding the third party.") (emphasis added). Second, the FBI's declaration states that it considers acknowledgements by the subject of an investigation. *See* Hammer Decl. ¶ 5 ("A requester can pierce a *Glomar* response without meeting those initial requirements in one of two ways. First, by demonstrating that the agency has officially acknowledged the existence of records about the third party or that the third party themselves has disclosed that they are the subject of an investigation."). Indeed, that is precisely why the FBI withdrew the denial at issue in Count I. *See* ECF No. 30 at 18 ("In light of Mr. Gaetz's public acknowledgment of the existence of a DOJ investigation implicating his official duties as a United States Representative, the FBI withdraws its categorical denial."). Third, the Criminal Division's and FBI's declarations describe their privacy considerations associated with law enforcement investigations, establishing that those components made the requisite threshold analysis. *See* O'Keefe Decl. ¶ 13 ("The FOIA/PA Unit considers an individual's significant privacy interest in ensuring that their association with a law enforcement investigation remains confidential."); Hammer Decl. ¶ 6 ("It is well-recognized that individuals have substantial privacy interests in relation to being associated with law enforcement investigations because any such association can engender comment, speculation, or harassment which can be embarrassing and stigmatizing."). Fourth, the Criminal Division's declaration describes the balancing test performed prior to the issuance of

any *Glomar* response. *See* O'Keefe Decl. ¶ 18 ("If the requester fails to establish a cognizable FOIA public interest and does not provide any information sufficient to counterbalance the referenced individual's significant privacy interests that would be implicated were the Department to confirm or deny the existence of records responsive to the FOIA request, confirming or denying the existence of law enforcement records would constitute an unwarranted invasion of their personal privacy pursuant to FOIA Exemptions (b)(6) and (b)(7)(C)."). And both the Criminal Division and the FBI properly weigh the public interest in the contents of government investigations. *See* O'Keefe Decl. ¶¶ 16-17 ("When the Criminal Division considers a *Glomar* response, the meaning of public interest is one specifically limited to the FOIA's basic purpose of opening agency action to the light of public scrutiny, thereby furthering the citizens' right to be informed about what their government is up to. The FOIA request must demonstrate how release of the records sought would shed light on the Criminal Division's activities and establish a nexus to the FOIA's core purpose of shedding light on the federal government's behavior." (citation modified)); Hammer Decl. ¶ 9 ("A requestor must do more than merely state that a public interest exists. Instead, they must provide sufficient evidence to show that the requested records would directly reveal the operations or activities of the federal government; the records would shed light on the agency's performance of its statutory duties; that the agency failed to carry out its statutory duties; or that there is evidence to support accusations of impropriety on behalf of the government"). In short, the declarations disclaim that Defendant has any unlawful pattern or practice.

Plaintiff has made no indication that it "wish[es] to proceed on narrower policy-or-practice claims," *see* ECF No. 33 at 65, and it has not established an unlawful pattern or practice at the Department writ large. Accordingly, Defendant submits that summary judgment is appropriate on Count II. To the extent the Court concludes that issues of material fact remain

with respect to the Criminal Division's and the FBI's issuance of *Glomar* responses, as alleged in the operative complaint, Defendant requests the opportunity to submit supplemental declarations to address the Court's concerns and clarify that those components do not have any unlawful patterns or practices. In conjunction with the supplemental declarations, Defendant also requests an opportunity to file a supplemental brief of no more than 10 pages to renew its summary judgment request and clarify any outstanding issues. Defendant requests a submission deadline within 90 days, which is the FBI's current processing timeline for supporting FOIA declarations.

Dated: May 13, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar No. 1025003)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov